UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LIZIE DE FREITAS CANDIDO,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICIA HYDE et al.,<br><br>    Defendants. | Civil No. 25-13156-LTS |

ORDER

November 13, 2025

SOROKIN, J.

    Lizie de Freitas Candido is a citizen of Brazil who lives in Massachusetts with his two minor sons. He is not in custody. Candido initiated this action by filing, through counsel, a "Complaint for Declaratory and Injunctive Relief and Motion for Temporary Restraining Order to Deportation" on October 27, 2025. Doc. No. 1. The pleading, which is sparse, alleged Candido was seeking to reopen his removal proceedings and had applied for a visa available to human-trafficking victims. These requests were, and remain, pending in other forums. In this Court, Candido alleged he faced deportation "imminently," id. ¶ 12, and he sought an order preventing his removal until decisions were rendered on his requests for a visa and to revive his removal proceedings in immigration court. To that end, Candido asserted two claims: 1) a violation of his substantive due process rights under the Fifth Amendment, because his removal would "separate[] family without [a] compelling interest," id. ¶ 15; and 2) a violation of the Administrative Procedure Act, as his removal would be "arbitrary, capricious, and an abuse of discretion . . . lacking rational basis and violating ICE directives on family unity," id. ¶ 16.

Upon its initial review of Candido's pleading, the Court required him to supplement it with a memorandum supporting his request for a temporary restraining order and addressing this Court's jurisdiction.  Doc. No. 5.  The Court also ordered that Candido not be deported "pending further order of this Court," to preserve the Court's ability to assess its jurisdiction.  Id.  In Candido's responsive submission, he continued to focus on themes of family separation.  See Doc. No. 6 at 1–2.  After reviewing Candido's memorandum, the Court denied the TRO motion embedded in his complaint, explained that the law cited in Candido's papers did not support his requests,[1] and found Candido had not shown he was likely to establish that the claims articulated in his complaint were within this Court's jurisdiction.  Doc. No. 7.  Because of that finding, the Court required Candido to show cause why it should not dismiss this action.  Id. at 3.

Candido has timely responded to the Court's Order.  Doc. No. 8.  To shore up his effort to invoke this Court's jurisdiction, he has adjusted the focus of his claims.  Rather than alleging violations centered on the threat of separating him from his children or removing him from this country before his pending administrative requests are resolved, Candido now urges the Court that it can review "claims" that "challenge USCIS's independent agency action—or inaction—in unreasonably delaying adjudication of his T-visa application."  Id. at 3.

Such a claim, if plausibly alleged, would likely be within this Court's jurisdiction notwithstanding the limitations on judicial review in the immigration context.  However, Candido's complaint—which, again, was filed through counsel—contains no such claim.  See

---

[1] Candido has now acknowledged this.  In his show-cause response, Candido describes "the cited cases in the" Order to Show Cause as "inapposite."  Doc. No. 8 at 4.  These "cited cases" were mentioned by the Court only because Candido had cited them in his own pleadings.  The Court reviewed the authority he had cited—as it does in every case where a litigant identifies sources of law they believe support their positions—and determined it was neither relevant nor helpful here, then explained in its Order why that was so.

2

generally Doc. No. 1.  If Candido wishes to bring such a claim, he may do so provided he complies with the following directives within seven days of this Order:

1) He must file an amended complaint plausibly alleging the unreasonable delay claim he now wishes to bring;[2]

2) If he wishes the Court's temporary order staying his removal to remain in place, he must file a separate motion seeking such interim relief and a supporting memorandum along with his amended complaint;

3) He must attach to any such motion a copy of the following case (the citation for which the Court has copied from Candido's show-cause response, Doc. No. 8 at 3): "Tum v. Barber, 105 F.4th 480, 488 (4th Cir. 2024)";[3]

4) He must obtain a summons and serve any amended complaint on the defendants in accordance with Federal Rule of Civil Procedure 4;

5) If he files a motion for interim relief in the form of a stay of removal, he must serve the motion, the accompanying memorandum with any exhibits, and a copy of this Order on the defendants along with the amended complaint; and

6) He shall file proof of service on the docket in this action in accordance with Federal Rule of Civil Procedure 4(*l*) within three days of completing service as described above.

Failure to comply with the foregoing directives will result in dismissal of this action.

Failure to comply with the second and third directives will result in an order lifting the temporary

---

[2] Candido's show-cause response also cites a possible habeas claim, summarily alleging he is in "constructive custody."  Doc. No. 8 at 4–5.  Nothing before the Court would support a finding that Candido is presently in "custody" for purposes of 28 U.S.C. § 2241.  See López López v. Charles, No. 20-cv-10145, 2020 WL 419598, at *3 (D. Mass. Jan. 26, 2020) (discussing types of restrictions on liberty short of detention that can support habeas jurisdiction).

[3] Westlaw searches for the citation provided (using both the starting page and the pincited page, and alternatively the party names) turn up no case by this name nor any case involving the legal issue as to which Candido has cited this as authority.  This appears to be the only authority Candido cites for the proposition that this Court may stay a removal order pending resolution of a civil claim arising under the APA—a question the Court will consider when it reevaluates its authority in this regard upon the filing of an amended pleading that complies with the directives identified above.

stay of removal.  The defendants shall have seven days from the time they are served to respond to any motion for a stay of removal or other interim relief.

                                        SO ORDERED.

                                        /s/ Leo T. Sorokin
                                        United States District Judge